Nellie North, trading as F. R. North & Company, Appellee, v. City of Rockford, Appellant.

Gen. No. 7,440.

1. BAILMENTS—*when contract not one of bailment.* No question of bailment of hoisting cranes belonging to a city was involved in an action by plaintiff on a contract to remove a compressor and pump from an old water plant and to reinstall them in a new plant where it was provided that an erector was to be furnished by the city and that the dismantling, moving and erection were to be under his direction, plaintiff to be liable for breakage except such as was done at the direction of such erector, and in putting a part of the machinery in place the cranes were used by and under the direction of the erector and the part was broken by the breaking of one of the cranes.

2. BUILDING AND CONSTRUCTION CONTRACTS—*construction as to liability for breakage.* The city, not the plaintiff, was liable for the breaking of a flywheel under a contract by plaintiff to dismantle, move and reinstall a compressor and pump which provided that the city should furnish an erector to have charge of the operation and that plaintiff should be liable for any parts broken unless "said parts are broken at the direction of the erector," where the erector directed that two cranes belonging to the city be used in putting the wheel in place and supervised the operation

and the wheel was broken through the breaking of one of the cranes.

Appeal by defendant from the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed April 25, 1925.

WILLIAM D. KNIGHT, City Attorney and DAVID M. MADDEN, Corporation Counsel, for appellant.

FISHER, NORTH, LINSCOTT & GIBBONEY, for appellee.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

Appellee, Nellie North, doing business under the name and style of F. R. North & Company, entered into a contract with the City of Rockford to dismantle an air compressor and snow pump, which were located at the Central Pumping Station of said city, and to move and reinstall the same in the new water works station of said city. The contract price for the work was $5,500. Under the terms of the contract the city, at its own expense, was to furnish an erector and the said compressor and pump were to be dismantled, moved and erected under his direction. It was further provided "that any parts broken by the party of the second part (appellee) are to be replaced by it, unless, however, said parts are broken at the direction of the erector furnished by the party of the first part (the city), in which case the loss shall be borne by the party of the first part."

The compressor and pump were dismantled at the old station and moved to the new station. Then the erector directed appellee to put the flywheel of the pump, with its shaft attached, in position by means of two cranes. These cranes belonged to the city and were then in its possession and control. Appellee, following the directions given her, attached the cranes and swung the flywheel to a certain point

where the director designated, and then, following further instructions of the erector, released the small crane. As the flywheel was being moved in a southerly direction into position, one of the shafts of the crane broke, causing the flywheel to drop, breaking two of the spokes of the wheel. The cost of the repair of the wheel was $1,043.04. The city paid appellee all of the contract price, except the said sum of $1,043.04, which it refused to pay, on the ground that under the contract the repair bills should be paid by appellee. This suit was brought by appellee for said balance and a judgment was recovered by her for that sum and this appeal follows.

The only question involved is one of construction of the contract. It is contended by appellant that all damage, resulting from breakage, was to be borne by appellee, unless the erector employed by the city expressly directed the breaking. It is urged that the use of the city's cranes was a bailment and that the defect in the crane, which caused it to break with resulting damage to the flywheel, was of such a character that it could not be ascertained from a reasonable inspection, and, therefore, the city cannot be held liable for damages.

We do not believe the question of bailment enters into this case. The erector was employed by the city for the purpose of directing the work and of determining the methods to be employed. As to these things he had exclusive power and authority. Whether or not the city's cranes were to be used at all was solely within his discretion and determination. They were not loaned, hired or otherwise turned over to appellee so as to put them under her possession and control. It seems to us that the situation is lacking in every element of bailment.

Regardless of the question of bailment, it must be determined whether or not the contract contemplates that the city shall only be liable for such breakage as is expressly ordered by the erector. We hardly think

the contract is susceptible of that construction. Under the express provision of the contract, appellee was not required to replace parts, except when broken by her, and neither she nor her servants broke the flywheel. It was broken because of a defect in machinery which the director required her to use, and as we have already pointed out, it was the duty of the erector to direct the method of work. If he provided appliances, at his own instigation and of his own selection, appellee should not suffer for his mistakes or errors. The pump was to be installed upon a foundation erected by the city. Now suppose this foundation was insufficient and defective, and while the pump was being installed the foundation crumbled, causing damage to the pump or some part of it, could it be contended that appellee must suffer the loss? We think not.

The reasonable construction to be placed upon the contract is that it was the intention of the parties to provide that appellee should replace, at her own expense, any part or article broken, unless it were broken through some act or direction of the city's erector. The damage in this case was occasioned by an accident, which happened in following the direction of the city's agent, and the loss comes within the exception and must be borne by the city.

The judgment is affirmed.

*Judgment affirmed.*